# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**BEVERLY SMITH**                                                                **PLAINTIFF**

**v.**                                                           **CAUSE NO. 3:18cv18-LG-RHW**

**CITY OF MADISON, MISSISSIPPI and**
**MAYOR MARY HAWKINS BUTLER,**
*individually*                                                      **DEFENDANTS**

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

BEFORE THE COURT is the [63] Motion for Reconsideration filed by Defendant City of Madison, Mississippi ("the City"). The Motion argues that the Court should reconsider the conclusion reached in its [62] Memorandum Opinion and Order that Plaintiff Beverly Smith has stated a cognizable "cat's paw" claim against the City under 28 U.S.C. § 1983 claim for First Amendment Retaliation. The parties have fully briefed the Motion. Having considered the submissions of the parties, the record, and relevant law, the Court concludes that Defendant's Motion for Reconsideration will be denied.

The City's Motion invokes Federal Rule of Civil Procedure 60(b), under which a party may seek relief from the Court's order on the basis of "mistake." Fed. R. Civ. P. 60(b)(1). "[I]n this circuit, the rule may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record." *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987). "Thus, [Rule 60(b)(1)] may be employed when the judgment obviously conflicts with a clear statutory

mandate or when the judicial error involves a fundamental misconception of the law." *Id.* (citations omitted).

The City makes three separate arguments in its Motion: (1) the Court has misconstrued the "rubber stamp" exception to the general rule that the Board of Alderman cannot be liable for the alleged retaliatory conduct of the Mayor without a showing that the Board had actual knowledge of the Mayor's improper motive, (2) there is no evidence of sufficient influence or leverage over the Board by the Mayor with regard to Plaintiff's termination, and (3) the "rubber stamp" exception should not be applicable where the Plaintiff failed to avail herself of the City's grievance process following her termination, which would have resulted in a hearing before the Board. The Court will address each argument in turn.

A city may be liable for a mayor's unlawful retaliation under a rubber stamp or cat's paw theory of causation. *See Sims v. City of Madisonville*, 894 F.3d 632, 640-41 (5th Cir. 2018); *Zamora v. City of Houston*, 798 F.3d 326, 331 (5th Cir. 2015); *Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 604 n.14 (5th Cir. 2001). There is a distinction between "ratification" and "rubber stamping." The City's initial argument invites the Court to conflate the two concepts such that ratification would become the only means by which municipal liability would apply. In addition, the City's reliance on *Howell v. Town of Ball*, 827 F.3d 515 (5th Cir. 2016) for the proposition that the City cannot be held liable without evidence that the Board was somehow aware of the Mayor's retaliatory motive for terminating the plaintiff is

misplaced. The *Howell* decision was a ratification case; not a case of municipal liability based upon a rubber stamp or cat's paw theory.

Regarding the assertion of inadequate evidence of the Mayor's influence or leverage over the Board's decision to terminate the plaintiff's employment, the Court could not come to such a conclusion without usurping the role of the fact-finder. Under a rubber stamp or cat's paw theory of liability, "a plaintiff must establish that the person with a retaliatory motive somehow influenced the decisionmaker to take the retaliatory action. In other words, a plaintiff must show that the person with retaliatory animus used the decisionmaker to bring about the intended retaliatory action." *Zamora*, 798 F.3d at 331; *see also Beattie*, 254 F.3d at 604 n.14 ("If an employee can demonstrate that the subordinate's evaluation was tainted by an illegal intent and that it had sufficient influence or leverage over the ultimate decisionmaker, the motives of the subordinate become relevant."). The Court previously recounted the summary judgment evidence put forward by the plaintiff:

> Unlike the plaintiff in *Beattie*, Smith has presented some evidence from which a factfinder could infer that the Board merely "rubber stamped" the Mayor's employment decisions. The Mayor recommended Smith's termination by means of payroll change form containing no explanation for the decision. The Minutes of the August 15, 2017 meeting of the Mayor and the Board, during which Smith's termination became final, indicate that the Board accepted the termination of multiple municipal employees and do not reflect a discussion of the reasons for termination. The Mayor's testimony confirms that she did not discuss her reasons for recommending the termination of Smith or three other Department of Public Works employees and that personnel terminations were

– 3 –

> typically carried out this way – by means of an
> explanation-less payroll change.

(Mem. Op. & Order 12-13, ECF No. 62.)

The Court cannot combine the ratification and rubber stamping theories of municipal liability and thus require the plaintiff to produce additional evidence that the Board, by itself, acted with improper motive. Under the rubber stamp theory of liability, the Board's conduct is only relevant insofar as it demonstrates the Mayor's influence over the Board. It is the Mayor's alleged animus that may be attributed (by the factfinder) to the decisionmaker. And proof of influence need not be limited to nefarious back-room dealings or expressly created by statute, as the City suggests. Here, there is evidence tending to show that the Board accepted the Mayor's personnel decisions without any discussion or inquiry.[1] The Court has already determined that Plaintiff's evidence is adequate to survive summary judgment, and the City has identified no caselaw to support its position that as a matter of law Plaintiff's evidence is insufficient to convince a reasonable jury of the Mayor's alleged improper motive for termination and her influence over the Board.

Finally, the existence of a municipal grievance process by which the plaintiff could have appealed her termination to the Board has no bearing on the viability of her § 1983 claim for First Amendment Retaliation. Regardless of whether the

---

[1] *See Zamora*, 798 F.3d at 334 ("[T]he departmental disciplinary committee did not perform an independent investigation; it simply reviewed the Internal Affairs file and Spjut's recommendations. Likewise with the Chief of Police's designee. . . . Without [the supervisors'] statements against Zamora, Spjut would not have recommended discipline; the departmental disciplinary committee would not have adopted Spjut's recommendation; and the Chief of Police would not have had any recommendation to approve.")

rubber stamp or cat's paw theory of liability is derived from Title VII claims, Title VII's pre-suit administrative exhaustion requirement remains solely the province of that statute.  There is no exhaustion requirement for constitutional claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [63] Motion for Reconsideration filed by Defendant City of Madison, Mississippi is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 3rd day of December, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE